**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GEORGE SMITH, | : | |
| Plaintiff, | : | Civil No. 13-5014 (JBS) |
| v. | : | |
| ATLANTIC COUNTY JUSTICE FACILITY, | : | **OPINION** |
| Defendant. | : | |

**APPEARANCES:**

George Smith, *Pro Se*
#215568
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge**

Plaintiff, George Smith, confined at the Atlantic County Justice Facility in Mays Landing, New Jersey submitted a Complaint alleging violations of his constitutional rights. He seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence and institutional account statement, the Court will grant Plaintiff's application to proceed IFP, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed.

## BACKGROUND

According to the Complaint, on August 8, 2013, Plaintiff walked into a bathroom at the Atlantic County Justice Facility and slipped on a bathroom mat. Immediately afterwards, he "hobbled over" to an officer and told the officer that he was hurt badly, and the officer responded, "I don't care, I don't give a fuck." Another officer walked Plaintiff to medical, and Plaintiff told Nurse Jerry what happened. The nurse gave Plaintiff Motrin and "downplayed it." She told him that if he needed more the next day to put in a medical slip. He states that he put in a medical slip the next day, and the nurse gave him a hard time and put him on the doctor's list. (Complaint, ¶ 4).

Plaintiff asks for monetary relief against the only named Defendant, the Atlantic County Justice Facility. (Complt., ¶ 5).

## DISCUSSION

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in

which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d

560, 563 (3d Cir. 2011).

### 3. Plaintiff's Complaint Fails to State a Claim

#### a. ACJF as Defendant

First, Plaintiff names the wrong Defendant. A jail is not a "person" within the meaning of 42 U.S.C. § 1983. *See Bailey v. Atlantic Cnty Justice Facility*, 2013 WL 396090 at *2 (D.N.J. Jan. 31, 2013) (Simandle, C.J.) (citing *Marsden v. Federal BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983) and *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (a jail is not a "person" under § 1983)). Thus, Plaintiff's claims against the Facility shall be dismissed.

#### b. Negligence Claim

Liberally construing the Complaint, Plaintiff's slip and fall claim sounds in negligence, which is not actionable under § 1983. The Supreme Court has held that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). "[M]erely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent." *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (citing *Lewis*, 523 U.S. at 849). Indeed, the Supreme Court has long held that prison authorities' mere negligence in and of itself does not violate a

5

prisoner's constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). *See also Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001). The United States Constitution is not a "font of tort law." *Lewis*, 523 U.S. at 847 n.8, 848 (The Constitution does not guarantee due care on the part of government officials.); *Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009).

Further, Plaintiff's claim does not rise to the level of a due process violation. In a due process challenge, the threshold question is whether the behavior of the government officer "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8; *see Daniels*, 474 U.S. at 330 (claim arising out of a fall from pillow left on prison stairs is a claim of negligence, not actionable under the Due Process Clause of the Fourteenth Amendment); *Sanford v. Stiles*, 456 F.3d 298, 305 (3d Cir. 2006). *See also Robinson v. Temple Univ. Health Svcs.*, No. 12-2724, 2012 WL 6183603 at *2 (3d Cir. Dec. 12, 2012) (unpubl.) (allegations of negligence do not support a section 1983 claim). Here, Plaintiff has not set forth facts alleging egregious or outrageous action by officers which led to his fall. Therefore, this Court will dismiss this negligence claim, without prejudice, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

    c.    <u>Medical Care Claim</u>

Plaintiff's Complaint asserts dissatisfaction with the medical treatment he received after his fall. It is unclear whether Plaintiff is a pretrial detainee (where his medical claim would fall under the Fourteenth Amendment) or a convicted prisoner (where his medical claim would fall under the Eighth Amendment). To state a Fourteenth Amendment claim of inadequate medical attention, Plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (*per curiam*) (citing *Revere v. Mass. Gen. Hosp.*, 463, 239, 243-44 (1983); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)). The standard used to evaluate a Fourteenth Amendment claim for inadequate medical care is similar to that under the Eighth Amendment, except that for a pretrial detainee no aspect of confinement can have the purpose of punishment since the detainee has not been convicted. Thus, the Fourteenth Amendment standard for detainee's medical care is at least as demanding upon prison authorities as the Eighth Amendment standard.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate

medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *See Andrews v. Camden County*, 95 F.Supp.2d 217, 228 (D.N.J. 2000); *Peterson v. Davis*, 551 F. Supp. 137, 145 (D. Md. 1982), *aff'd*, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere

disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110.

The Court of Appeals for the Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *See Rouse*, 182 F.3d at 197. The Court of Appeals also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. *See Atkinson*, 316 F.3d at 266; *see also Monmouth County Correctional Institutional Inmates*, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical

needs or deny access to a physician capable of evaluating the need for such treatment"); *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993); *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990).

Here, assuming Plaintiff's injury satisfies the objective prong in showing a serious medical need, Plaintiff's allegations do not satisfy the subjective element of deliberate indifference necessary to support an Eighth Amendment claim. He admits that he received treatment—- he was taken to the medical department, was seen by the nurse, and given Motrin. The next day he was put on the doctor's list.

It is clear that Plaintiff is dissatisfied with the action of the medical department. However, it is also clear that he was treated for his condition in accordance with his Fourteenth and Eighth Amendment rights. Even if these facts could constitute a claim of medical malpractice or medical negligence, which is not actionable in a § 1983 action. *See Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110. Therefore, this Court will dismiss this denial of medical care claim, without prejudice, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff filing a

motion to reopen and an Amended Complaint to address the deficiencies, as set forth in this Opinion. Specifically, Plaintiff would have to state grounds for "deliberate indifference" by the defendants and show how he was damaged by such willful neglect of his medical needs. An Amended Complaint must be filed within forty-five (45) days of the date this Opinion and Order are entered.

An appropriate Order follows.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, Chief Judge
                                    United States District Court

Dated:    **September 4, 2014**